# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### DOCKET NO. 3:95-CR-178-9-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)     MEMORANDUM<br>LONNIE DEWAYNE ROBINSON, )     OF DECISION<br>)<br>**Defendant.** )<br>) | |

In this matter before the Court for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 of the U.S.S.G. (made retroactive by Amendment 713), the Court makes the following findings and conclusions:

1. At his original sentencing, defendant's total adjusted offense level (prior to any downward departures) was determined to be 39 with a criminal history category VI, corresponding to a guideline range of 360 months to life imprisonment. Upon motion of the government pursuant to U.S.S.G. § 5K1.1, the court departed downward to an offense level 30, corresponding to a guideline range of 168-210 months, and ultimately sentenced defendant to 180 months, a 50 percent reduction from the lower end of the initially applicable guideline range.

2. Title 18, U.S.C. § 3582(c)(2) provides that this Court may entertain a motion for a reduction in sentence pursuant to an amendment to the sentencing guidelines that has been given retroactive effect only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." U.S.S.G. § 1B1.10(a)(2)(B) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if [the amendment] does not have the effect of lowering the

defendant's applicable guideline range." Thus, if the calculations used to determine the defendant's revised offense level under the amended guidelines do not yield a lower sentencing range, the court has no authority to grant a reduction in sentence.

3. After giving defendant the benefit of Amendment 706's two-level reduction, his revised offense level (prior to any downward departures for substantial assistance) is 37 with a criminal history category VI, corresponding to a guideline range of 360 months to life imprisonment. Since this defendant's guideline range is not lowered by application of the amendment, he is not eligible for a sentence reduction.

4. The fact that this defendant was originally given a sentence below the applicable guideline range on account of the government's 5K1.1 motion has no impact on this conclusion, since a substantial assistance motion allows the court to "depart from the guidelines" when arriving at an appropriate sentence, see U.S.S.G. § 5K1.1, but does not alter the guidelines calculations (and corresponding sentencing range) otherwise applicable to the defendant. This methodology is reflected in Sentencing Guidelines manual itself (which treats downward departures in Part K of Chapter 5, after the applicable guideline range is tabulated in Part A) and also the Statement of Reasons given by the court at sentencing (which requires a pre-departure determination of the defendant's applicable guideline range on the record prior to the court's final sentencing determination, which would be reflective of any departures or variances).

5. This conclusion is further bolstered by the method that the Sentencing Commission has provided for the treatment of 3582 motions where a downward departure for substantial assistance has been granted. Pursuant to U.S.S.G. § 1B1.10(b)(2)(B), "[i]f the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the

defendant at the time of sentencing, a reduction comparably less than the amended guideline range . . . may be appropriate." In this case, the defendant ultimately was sentenced to a term of imprisonment of 180 months, representing a downward departure of 50 percent below the lower end of the guideline range applicable to the defendant at the time of sentencing. Since this defendant's amended guideline range remains 360 months to life imprisonment, a comparable reduction of 50 percent to account for the 5K1.1 motion would not impact the defendant's current sentence of 180 months.

      An appropriate Order shall issue separately.

Signed: August 22, 2008

Frank D. Whitney
United States District Judge