# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CRIMINAL CASE NO. 3:95cr178

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| LONNIE DEWAYNE ROBINSON. ) | |
| ) | |

**THIS MATTER** is before the Court on remand from the United States Fourth Circuit Court of Appeals for reconsideration of the Defendant's *pro se* Motion to Modify Petitioner's Sentence pursuant to 18 U.S.C. §3582(c)(1) and (2), in Light of United States Sentencing Guidelines §2D1.1-Amendment 706, pursuant to 18 U.S.C. §3553(a) and U.S.S.G. §5K2.0 [Doc. 451] and the Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. §3582(c)(2) [Doc. 466], filed through counsel. United States v. Robinson, 556 F.3d 238 (4th Cir. 2009).

As noted in the decision of the Fourth Circuit, the Defendant's original offense level was 39 with a criminal history category of VI, resulting in a guideline range of imprisonment of 360 months to life. Application of

the crack cocaine guideline amendment, Amendment 706, reduces the Defendant's offense level to 37 but his criminal history category remains the same. As a result, his guideline range of imprisonment does not change. Specifically, in accordance with the Fourth Circuit's directive, the Court may not apply the two level reduction in offense level of Amendment 706 to the Defendant's offense level as revised by a downward departure for substantial assistance. Robinson, 556 F.3d at 246. "In short, even though Amendment 706 reduced [Robinson's] *offense level* to [37], it did not lower his Guidelines *sentencing range*. The "applicable guideline range" was and remains 360 months' to life imprisonment. Therefore, since Amendment 706 "does not have the effect of lowering [Robinson's] applicable guideline range," [Robinson] is not eligible for relief under §3582(c)(2)." Id. (citations omitted).

The Court has considered all of these reasons, and consistent with 18 U.S.C. §3582(c)(2), has considered the factors set forth in 18 U.S.C. §3582(a), as well as public safety and post-sentence conduct. Based on these factors, the Court finds that a reduction in sentence is not available and would not accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that the Defendant's *pro se* Motion to Modify Petitioner's Sentence pursuant to 18 U.S.C. §3582(c)(1) and (2),

in Light of United States Sentencing Guidelines §2D1.1-Amendment 706, pursuant to 18 U.S.C. §3553(a) and U.S.S.G. §5K2.0 [Doc. 451] and the Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. §3582(c)(2) [Doc. 466], filed through counsel are hereby **DENIED**.

Martin Reidinger
United States District Judge

Signed: June 22, 2009